### TARBOX v. SHEPMAN.

#### (Supreme Court, Appellate Term.   March, 1902.)

ACTION—COUNTERCLAIM—BURDEN OF PROOF—EVIDENCE—VERDICT.

> Where, in an action to recover overpayment of wages, and damages for failure to perform a contract for services as bookkeeper, defendant interposed a counterclaim for unpaid wages, and her uncorroborated testimony that she was employed for plaintiff during the time for which such wages were claimed was unqualifiedly contradicted by plaintiff, and inconsistent with a statement of their account in plaintiff's handwriting, indorsed by her with her initials, and with a letter written by her to him, a verdict in her favor on the counterclaim was not justified.

Appeal from municipal court, borough of Manhattan.

Action by Charles W. Tarbox against Elisabeth Shepman.   From a judgment for defendant, plaintiff appeals.   Reversed.

Argued before FREEDMAN, P. J., and GREENBAUM and GIEGERICH, JJ.

F. Grady, for appellant.
W. T. Fox, for respondent.

GREENBAUM, J.   The plaintiff had employed the defendant as an expert bookkeeper.   Both the dates of the commencement and termination of the services are in dispute.   Both parties are agreed, however, that there were two periods of employment, with an interval of nonemployment of seven weeks intervening.   Plaintiff sues to recover the sum of $239 paid to defendant during the first period as damages for her failure to properly keep his books, and also for the sum of $257.85, which as he claims was a loan to her.   The defendant counterclaims in the sum of $249.60, of which $4.60 were disbursements made by her, as alleged, on plaintiff's behalf, and the balance arrearages of salary.

As to her counterclaim, the burden of proof was, as the trial court properly charged, upon the defendant.   Her uncorroborated testimony —the only evidence in support of the counterclaim—is unqualifiedly contradicted by the plaintiff.   That being so, she has failed to sustain the burden of proof (Manufacturing Co. v. Yorkston, 11 Misc. Rep. 340, 32 N. Y. Supp. 263), unless we find some corroborative testimony. But Exhibits No. 6 and No. 9, which are a statement in defendant's handwriting, signed with her initials, and a letter written by her to the plaintiff, unexplained as they are, entirely corroborate the plaintiff's story.   An important point in dispute between them was whether her first employment began on March 13th, as she swore, or on May 2d, as plaintiff and his wife did.   In the memorandum Exhibit No. 6 she says, "I began work on May 2d," etc.   Under the circumstances, the defendant's counterclaim cannot be said to have been legally estab-

lished. The judgment must be reversed, and a new trial granted; costs to appellant to abide the event.

Judgment reversed, and new trial ordered, with costs to appellant to abide event. All concur.